J-S88022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GREGORY R. SAUNDERS | : | |
| | : | |
| Appellant | : | No. 3743 EDA 2015 |

Appeal from the PCRA Order November 24, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0003314-2003

BEFORE:   OLSON, J., RANSOM, J., and STRASSBURGER, J.*

MEMORANDUM BY RANSOM, J.:                    **FILED JANUARY 31, 2017**

Appellant, Gregory R. Saunders, appeals from the order entered November 24, 2015, denying as untimely his third[1] petition filed under the Post-Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.  We affirm.

Following a jury trial, Appellant was convicted of criminal conspiracy, burglary, robbery, and firearms not to be carried without a license.[2]  In November 2004, Appellant was sentenced to an aggregate term of incarceration of nineteen to thirty-eight years.  In December 2004, Appellant filed a direct appeal.  This Court affirmed the judgment of sentence. **Commonwealth v. Saunders**, 959 A.2d 468 (Pa. Super. 2008)

---

[1] Both the Appellant and the PCRA court erroneously refer to the underlying petition as Appellant's second PCRA petition.

[2] 18 Pa.C.S. §§ 903(a)(1), 3502(a), 3701(a)(2), 6106(a)(1), respectively.

* Retired Senior Judge assigned to the Superior Court.

(unpublished memorandum). Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme court.

In December 2007, Appellant filed a petition for collateral relief, which was denied as premature. Appellant did not file an appeal. In September 2008, Appellant filed his first PCRA petition, which was dismissed by this Court for failure to file a brief. Appellant's second PCRA petition was filed in May 2012, which was denied as untimely; this Court affirmed. *Commonwealth v. Saunders*, 60 A.3d 162 (Pa. Super. 2013), *appeal denied*, 72 A.3d 603 (Pa. 2013), *cert. denied*, 134 S. Ct. 944 (Jan. 13, 2014).

In December 2014, Appellant *pro se* filed the instant petition for collateral relief. The PCRA court appointed counsel; however, following a *Grazier*[3] hearing Appellant was permitted to proceed *pro se*. In November 2015, the PCRA court dismissed Appellant's petition, and he timely appealed.

Appellant raises the following issues:

1. Did the PCRA court err in failing to review Appellant's federal actual innocence/miscarriage of justice claim?

2. Did the PCRA court err in failing to review Appellant's illegal sentence claim, as, an illegal sentence cannot be waived?

Appellant's Brief at 7.

---

[3] *Commonwealth v. Grazier*, 713 A.2d 81 (1998).

The PCRA court dismissed Appellant's petition without a hearing, and it appears from the record that proper Pa.R.Crim.P. 907 notice was not sent. There is no absolute right to an evidentiary hearing. *See Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super. 2008). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing." *Id.* at 1264. Appellant does not challenge the lack of notice. Furthermore, "our Supreme Court has held that where the PCRA petition is untimely, the failure to provide such notice is not reversible error." *Commonwealth v. Davis*, 916 A.2d 1206, 1208 (Pa. Super. 2007) (citing *Commonwealth v. Pursell*, 749 A.2d 911, 917 n. 7 (2000)). Accordingly, Appellant is due no relief on this ground.

The standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's factual findings deference unless there is no support for them in the certified record. *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

Before considering Appellant's claims, we address the timeliness of his petition, as it implicates our jurisdiction and may not be altered or disregarded in order to address the merits of his claim. *Commonwealth v.*

***Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, all petitions seeking collateral relief must be filed within one year of the date the judgment of sentence becomes final. ***Id.*** There are three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant's petition is untimely.[4] Thus, Appellant was required to plead and prove an exception to the PCRA timeliness requirements. Appellant does not dispute that his petition is untimely; rather, Appellant

---

[4] Appellant's petition is patently untimely. Appellant's judgment of sentence became final on July 20, 2008; thirty days after this Court affirmed the judgment of sentence. ***See*** § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking review). Appellant's current petition, filed December 10, 2014, is approximately six years late.

acknowledges that he must avail himself of one of the exceptions set forth in section 9545(b)(1)(i)-(iii) in order for this Court to have jurisdiction to reach the merits of his claims. *Bennett*, 930 A.2d at 1267 (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition).

In his PCRA petition Appellant asserts that his petition meets the after-discovered facts exception found at 42 Pa.C.S. § 9545(b)(1)(ii). To establish this exception, a petitioner must prove that the facts supporting his claim were (1) unknown to him and (2) could not have been ascertained previously by the exercise of due diligence. *Bennett,* 930 A.2d at 1270-72. Due diligence requires that the petitioner make reasonable steps to protect his own interest. *Commonwealth v. Carr,* 768 A.2d 1164, 1168 (Pa. Super. 2001).

Appellant asserts that his co-defendants would now testify that Appellant was not involved in the crime. Appellant provides no explanation as to why the testimony could not have been ascertained previously, in a timely matter. Furthermore, Appellant does not attach any documentation or evidence to substantiate this claim as required by Pa.R.Crim.P. 902(a)(12)(b). Thus, Appellant's assertion does not satisfy the after-discovered facts exception.

Appellant next challenges the legality of his sentence. Although illegal sentencing issues cannot be waived, they still must be presented in a timely

PCRA petition. ***Commonwealth v. Fahy***, 737 A.2d 214 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

Accordingly, the PCRA court lacked jurisdiction to entertain Appellant's claim and did not err in dismissing Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/2017